FILED
U.S. DISTRICT COURT
DIV.
2011 NOV 28 PM 3:44
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

DENNIS MITCHELL,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

CIVIL ACTION NO.: CV211-103

(Case No.: CR207-33)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Dennis Mitchell ("Mitchell"), an inmate currently incarcerated at Victorville United States Penitentiary in Adelanto, California, filed an action pursuant to 28 U.S.C. § 2255. Respondent filed a Motion to Dismiss. Mitchell filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

In July 2005, Mitchell was indicted for possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k), and for possession of a firearm by a convicted felon/armed career criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (CR205-032-2, Doc. No. 1). In May 2007, the case was dismissed, without prejudice, due to violations of the Speedy Trial Act, 18 U.S.C. § 3161 *et. seq.* (Id., Doc. No. 121). Mitchell moved for this Court to reconsider its dismissal and to enter an Order of dismissal with prejudice. (Id., Doc. No. 122). This Court denied Mitchell's Motion. (Id., Doc. No. 126).

In June 2007, Mitchell was re-indicted for possession of a firearm by a convicted felon/armed career criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (CR207-033-2, Doc. No. 1). Following a jury trial, Mitchell was convicted of the charge against him. (Id., Doc. No. 145-2). Mitchell was sentenced to 262 months' imprisonment. (Id.) Mitchell appealed to the Court of Appeals for the Eleventh Circuit. (Id., Doc. No. 147). The Eleventh Circuit affirmed Mitchell's conviction and sentence. United States v. Mitchell, 374 F. App'x 859 (11th Cir. 2010). The Supreme Court of the United States denied Mitchell's petition for writ of certiorari and denied Mitchell's petition for rehearing. Mitchell v. United States, No. 09-10053.

In the instant Motion, Mitchell seeks to have his conviction and sentence vacated. (Doc. No. 4, p. 21). Mitchell asserts three grounds in support of his requested relief: (1) ineffective assistance of counsel; (2) government misconduct due to violations of the Speedy Trial Act and dismissal of his first indictment without prejudice; and (3) abuse of discretion by the trial court. (Doc. Nos. 1 and 4). Respondent asserts that Mitchell's Motion should be dismissed.

## DISCUSSION AND CITATION OF AUTHORITY

### I. Ineffective assistance of counsel

Strickland v. Washington, 466 U.S. 668 (1984), is the governing Supreme Court precedent employed to analyze ineffective assistance of counsel claims. To obtain relief under Strickland, a petitioner "must show (1) counsel's performance was deficient and (2) that deficiency prejudiced him." Id. at 687. Counsel's performance is deficient when it falls "below an objective standard of reasonableness," Chandler v. United States, 218 F.3d 1305, 1312 (11th Cir. 2000), which means that it is "outside the wide



AO 72A
(Rev. 8/82)

range of professionally competent assistance." Strickland, 466 U.S. at 690. Further, "the issue is not what is possible or what is prudent or appropriate, but only what is constitutionally compelled." Chandler, 218 F.3d at 1313 (internal punctuation and citations omitted). Courts conduct a highly deferential review of counsel's performance and "indulge [the] strong presumption that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" Id. at 1314 (alteration in original) (quoting Strickland, 466 U.S. at 689–90).

To establish prejudice, "there must be a reasonable probability that, but for counsel's deficient performance, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. "A petitioner's burden of establishing that his lawyer's deficient performance prejudiced his case is also high." Van Poyck v. Fla. Dep't of Corr., 290 F.3d 1318, 1322 (11th Cir. 2002). A petitioner must "affirmatively prove prejudice." Strickland, 466 U.S. at 693.

**A. Counsel did not file motions to dismiss either of Mitchell's indictments**

Mitchell asserts that the Speedy Trial Act was violated as to both of his indictments. Mitchell alleges that his trial counsel was ineffective because counsel did not file any motions to dismiss either of Mitchell's indictments for violations of the Speedy Trial Act. Mitchell asserts that, had counsel filed for dismissal of the first indictment due to Speedy Trial Act violations, that indictment would have been dismissed with prejudice, precluding the second indictment. Respondent contends that Mitchell's claim has no merit.



AO 72A
(Rev. 8/82)

This Court dismissed, without prejudice, the first indictment against Mitchell due to violations of the Speedy Trial Act. (CR205-032-2, Doc. No. 121). Mitchell moved for this Court to reconsider its dismissal and to enter an Order of dismissal with prejudice. (Id., Doc. No. 122). This Court denied Mitchell's Motion. (Id., Doc. No. 126). In the Order denying Mitchell's motion for reconsideration, this Court explained why dismissal without prejudice was appropriate:

> The Speedy Trial Act sets forth a standard for courts to apply when determining whether dismissal should be with or without prejudice. According to the Act, a court must consider: 1) the seriousness of the offense, 2) the facts and circumstances which led to the dismissal, and 3) the impact of reprosecution on the administration of the Act and on the administration of justice.

(Id. at p. 3) (citing 18 U.S.C. § 3162(a)(1)). This Court found that all three factors weighed in favor of dismissal without prejudice. (Id. at pp. 3–6). Mitchell's attorney's failure to file a motion to dismiss the indictment played no role in this Court's ruling on Mitchell's motion for reconsideration. As a result, even if Mitchell's attorney erred in not filing a motion to dismiss the indictment, Mitchell suffered no prejudice as a result of that error. Therefore, Mitchell has failed to meet the Strickland standard for proving ineffective assistance of counsel as to the first indictment.

Mitchell's counsel sought dismissal of the second indictment. (CR207-033-2, Doc. Nos. 54, 77, 79). Mitchell's counsel noted that Mitchell had spent 204 days incarcerated under the second indictment. (Id., Doc. No. 79, p. 5). As a result, Mitchell is incorrect in asserting that his counsel failed to seek dismissal of the second indictment. Mitchell has failed to meet the Strickland standard for proving ineffective assistance of counsel as to the second indictment.



AO 72A
(Rev. 8/82)

**B. Counsel did not object to the Court's denial of Mitchell's motion to subpoena Judge Moore's courtroom deputy clerk**

Mitchell asserts that his motion to subpoena Judge Moore's courtroom deputy clerk, Mike Garrett ("Garrett"), (CR207-033-2, Doc. No. 60), should have been granted. Mitchell alleges that his trial counsel was ineffective because counsel did not object to the denial of this motion. Mitchell asserts that counsel's failure to object prejudiced Mitchell by denying Mitchell his rights to due process of law and effective assistance of counsel. Respondent contends that Mitchell's claim has no merit.

Mitchell claims that "[t]he court erroneously failed to endorse the subpoena of the clerk." (Doc. No. 4, p. 19). However, Mitchell fails to state why this Court's decision was erroneous. Since Mitchell has not shown that this Court's decision was erroneous, Mitchell has not established that his counsel erred in failing to object. Therefore, Mitchell has failed to meet the Strickland standard for proving ineffective assistance of counsel based on this ground.

Mitchell has failed to show this his counsel was ineffective under Strickland. Therefore, this portion of Mitchell's motion should be denied.

**II. Other claims**

"Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004) (citations omitted).[1] A movant's claim is not procedurally defaulted if: (1) he shows cause for not raising the claim of error on

[1] The Supreme Court has decided that ineffective assistance of counsel claims are not barred by the procedural default rule. Lynn, 365 F.3d at 1235 n.17.



AO 72A
(Rev. 8/82)

direct appeal and actual prejudice as a result of the alleged error; or (2) a constitutional violation has probably resulted in the conviction of a person who is actually innocent. Id. "[T]o show cause for procedural default, [a movant] must show that some objective factor external to the defense prevented [the movant] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [the movant's] own conduct." Id. at 1235 (citations omitted). Additionally, "once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000) (citation omitted).

**A. Government misconduct**

Mitchell asserts that the government acted in bad faith, resulting in a miscarriage of justice when it violated the Speedy Trial Act and dismissed his first complaint without prejudice. Respondent contends that this ground should be dismissed because it has already been decided adversely to Mitchell on direct appeal.

The Eleventh Circuit determined that "there was no Speedy Trial Act violation warranting dismissal with prejudice." Mitchell, 374 F. App'x at 865. Since this claim has been decided adversely to Mitchell on direct appeal, it cannot be re-litigated in this § 2255 motion. See Nyhuis, 211 F.3d at 1343. This portion of Mitchell's motion should be dismissed.

**B. Abuse of discretion by the trial court**

Mitchell asserts that this Court erred in denying Mitchell's motion to subpoena Garrett, resulting in a violation of his due process rights. Respondent contends that this ground should be dismissed because the claim is not cognizable under § 2255 because



AO 72A
(Rev. 8/82)

it is not an error that is constitutional, jurisdictional, or so fundamental as to have resulted in a complete miscarriage of justice.

Mitchell did not advance this challenge to his conviction on direct appeal; therefore, unless his claim falls within the ambit of an exception to the procedural default rule, Mitchell's claim is defaulted. Mitchell has not argued that he is actually innocent of the crime for which he was convicted. Additionally, Mitchell has not shown that some objective factor external to his defense prevented him or his counsel from raising this claim on direct appeal; therefore, Mitchell has not shown cause for not raising the claim of error on direct appeal. Since Mitchell's claim does not fit into either exception of the procedural default rule, this claim is defaulted. This portion of Mitchell's motion should be dismissed.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Mitchell's § 2255 Motion be **DISMISSED** in part and **DENIED** in part.

**SO REPORTED** and **RECOMMENDED**, this 28th day of November, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE



AO 72A
(Rev. 8/82)