IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| DENNIS MITCHELL, | ) | |
| | ) | |
| Petitioner, | ) | CIVIL ACTION NO.: CV211-103 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | (Case No.: CR207-33) |
| | ) | |
| Respondent. | ) | |

## ORDER

Dennis Mitchell ("Mitchell") filed Objections to the Magistrate Judge's Report dated November 28, 2011, which recommended that Mitchell's 28 U.S.C. § 2255 Motion be dismissed in part and denied in part. After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation.

The Magistrate Judge determined that Mitchell's first ground for § 2255 relief, ineffective assistance of counsel, should be denied. The Magistrate Judge stated that "even if Mitchell's attorney erred in not filing a motion to dismiss the [first] indictment, Mitchell suffered no prejudice as a result of that error" because the alleged error played no role in this Court's decision to dismiss the first indictment without prejudice. (Doc. No. 11, p. 4). Mitchell argues that his trial counsel's alleged error deprived him of his Sixth Amendment right to a speedy and public trial and that he suffered prejudice "from the mere loss of the [r]ight." (Doc. No. 13, p. 4). In order to establish prejudice

sufficient for a successful ineffective assistance of counsel claim under Strickland v. Washington, 466 U.S. 668, 694 (1984), "there must be a reasonable probability that, but for counsel's deficient performance, the result of the proceedings would have been different." As the Magistrate Judge noted, "Mitchell's attorney's failure to file a motion to dismiss the indictment played no role in this Court's ruling on Mitchell's motion for reconsideration," in which this Court declined to change its dismissal of the first indictment against Mitchell so that it would be a dismissal with prejudice. (Doc. No. 11, p. 4). Because a motion to dismiss filed by Mitchell's trial counsel would not have resulted in a different dismissal of the first indictment, specifically, one with prejudice as opposed to one without prejudice, Mitchell cannot show that his trial counsel's alleged error prejudiced him. Mitchell has failed to meet the Strickland standard for proving ineffective assistance of counsel as to the first indictment.

The Magistrate Judge determined that Mitchell failed to show that his trial counsel's performance was deficient as to the second indictment because Mitchell's counsel sought dismissal of the second indictment. Mitchell argues that his trial counsel did not seek dismissal of the second indictment because "there is no record showing a motion to dismiss was ever filed." (Doc. No. 13, p. 6). As the Magistrate Judge found, Mitchell's counsel sought dismissal of the second indictment in three separate filings. Mitchell has not shown that his trial counsel's performance was deficient as to the second indictment; therefore, he has failed to meet the Strickland standard as to that indictment.

The Magistrate Judge determined that Mitchell failed to show that his trial counsel's performance was deficient due to counsel's failure to object to the Court's

2

denial of Mitchell's motion to subpoena Judge Moore's courtroom deputy clerk. The Magistrate Judge stated that "[s]ince Mitchell has not shown that this Court's decision was erroneous, Mitchell has not established that his counsel erred in failing to object." (Doc. No. 11, p. 5). Mitchell still has not stated why this Court's decision to deny his motion to subpoena Judge Moore's courtroom deputy clerk was erroneous. Mitchell simply states why he believes the clerk's testimony would have been helpful to him. Without showing why the Court's decision was erroneous, Mitchell cannot prove that his counsel was deficient in failing to object to the Court's ruling. As a result, Mitchell has failed to meet the Strickland standard as to this alleged enumeration of error by trial counsel. This ground for § 2255 relief was properly recommended to be denied.

The Magistrate Judge determined that Mitchell's second ground for § 2255 relief, government misconduct, should be dismissed because it has already been decided adversely to Mitchell on direct appeal. Mitchell contends that the Magistrate Judge erred because that claim has not been adversely decided on direct appeal. As the Magistrate Judge noted, the Eleventh Circuit determined that "there was no Speedy Trial Act violation warranting dismissal with prejudice." (Doc. No. 11, p. 6) (quoting United States v. Mitchell, 374 F. App'x 859, 865 (11th Cir. 2010). Mitchell previously stated in his Response to Respondent's Motion to Dismiss that "[t]he government argues that ground two was argued on direct appeal, which Mr. Mitchell objects to. Here, the government erred, for Mr. Mitchell did not argue that the district court abused it's discretion in dismissing the initial indictment without prejudice. Mr. Mitchell did argue that the government, not the district court, acted in bad faith, with misconduct and a total miscarriage of justice, when they failed to bring Mr. Mitchell to trail in a timely

3

([Speedy Trial Act]) manner and by their actions of dismissing his first indictment without prejudice." (Doc. No. 10, p. 9) (internal punctuation omitted). Mitchell previously agreed that he argued government misconduct on direct appeal, and the Eleventh Circuit's decision clearly decided the issue adversely to Mitchell. Therefore, this ground for § 2255 relief is properly dismissed.

The Magistrate Judge determined that Mitchell's third ground for § 2255 relief, abuse of discretion by the trial court, should be dismissed because it was procedurally barred due to not being argued on direct appeal. Mitchell contends that the Magistrate Judge erred because his claim fits into an exception to the procedural default rule. Specifically, Mitchell states that he argued, in his direct appeal, that he is actually innocent of the crime of which he was convicted, fitting his otherwise procedurally defaulted claim in to the exception for "a constitutional violation [that] has probably resulted in the conviction of one who is actually innocent." Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004) (citations omitted). Because the Eleventh Circuit affirmed Mitchell's conviction and sentence, "there is no evidence establishing that [he] is actually innocent." Id. at 1235. Mitchell also asserts that he has shown "that some objective factor external to [his] defense prevented," id., him from raising this ground for relief on direct appeal, fitting his claim into the cause and prejudice exception to the procedural default rule. However, at the time of his direct appeal a claim for abuse of discretion by the trial court based on the trial court's denial of Mitchell's motion to subpoena Judge Moore's courtroom deputy clerk was available, and Mitchell simply failed to assert it. As a result, Mitchell's claim of abuse of discretion by the trial court is

procedurally defaulted, and this ground for § 2255 relief was properly recommended to be dismissed.

Mitchell's Objections to the Magistrate Judge's Report and Recommendation are without merit and are **overruled**. The Report and Recommendation of the Magistrate Judge is adopted as the Opinion of the Court. Mitchell's 28 U.S.C. § 2255 Motion is **DISMISSED** in part and **DENIED** in part. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

SO ORDERED, this 6th day of January, 2012.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev. 8/82)